881 F.2d 1070
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Thomas COBURN, Defendant-Appellant.
 No. 88-5192.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 23, 1989.
Decided July 31, 1989.
 
 Steven A. Allen, Bruce L. Mann, Melnicove, Kaufman, Weiner & Smouse, P.A., for appellant.
 Breckinridge L. Willcox, United States Attorney, Miriam Aroni Krinsky, Assistant United States Attorney, Rene Albine, Law Clerk, for appellee.
 Before WIDENER, K.K. HALL, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Thomas Coburn appeals from the district court's judgment sentencing him to imprisonment for three years followed by supervised release for three additional years for conspiracy to possess with intent to distribute PCP, possession with intent to distribute PCP, and possession of PCP in violation of 21 U.S.C. Secs. 841(a)(1), 844(a), and 846 after a jury found him guilty of those offenses. On appeal, Coburn argues that the district court erred in admitting evidence of his prior drug use and drug distribution. We affirm.
 
 
 2
 On February 21, 1988, Coburn was a passenger in an automobile traveling north on the Baltimore-Washington Parkway that veered off the highway into trees in the median strip. Carl Spoone was the car's driver, and Curtis Spoone and Bryan Huber were the other passengers. Police arrived at the scene and detected the smell of PCP in the vehicle. They arrested the four occupants of the vehicle after a search uncovered two cigarette butts that appeared to be laced with PCP. A police officer then searched Coburn and found an one-ounce bottle containing liquid PCP in the pocket of the jacket that Coburn was wearing.
 
 
 3
 At Coburn's trial, Bryan Huber testified as a government witness that he, Carl Spoone, and Curtis Spoone picked up Coburn on February 21 at an apartment building in Glen Burnie, Maryland. Huber said that they went to Washington, D.C. with the plan to buy a bottle of liquid PCP. He stated that Coburn and Curtis Spoone left the vehicle to purchase the PCP near New York Avenue in Washington and that they returned to the car with the drug. Huber testified that they were traveling north on the Baltimore-Washington Parkway when the car accident occurred.
 
 
 4
 Curtis Spoone corroborated Huber's testimony. Spoone explained that the parties agreed to go to Washington to purchase the PCP for resale. He stated that he and Coburn had completed similar deals on five to ten occasions in the past. Spoone testified that Coburn delivered the cash to purchase the PCP and retained possession of the bottle during the return trip from Washington. Spoone also stated that Coburn asked him after their arrest to say that the jacket containing the PCP belonged to Huber.
 
 
 5
 Coburn testified that he went to Washington on the morning of February 21 to look for work and that he was hitchhiking back home when Curtis Spoone, Carl Spoone, and Bryan Huber gave him a ride. Coburn said that he had not been involved in obtaining the PCP. He stated that he mistakenly put on another person's jacket containing the PCP during the confusion following the car accident and that he did not know anything about the bottle of PCP in that jacket.
 
 
 6
 Over Coburn's objection, Kim Drew testified as a rebuttal witness for the government. Drew stated that she had been Coburn's neighbor during 1987. She said that she saw Coburn sell PCP on several occasions and that Coburn told her that he brought liquid PCP in Washington. Drew also testified that she had used drugs, including PCP, with Coburn on several occasions.
 
 
 7
 Coburn argues on appeal that the district court erred in admitting Drew's testimony concerning his prior drug use and distribution of PCP. The district court admitted Drew's testimony pursuant to rule 404(b) of the Federal Rules of Evidence as proof of Coburn's intent and his absence of mistake. We cannot say that the court abused its discretion. See, e.g., United States v. Ramey, 791 F.2d 317, 323 (4th Cir.1986).
 
 
 8
 The judgment of the district court, therefore, is affirmed. We dispense with oral argument because the facts and the legal contentions are adequately presented in the materials before us and because argument would not aid in the decisional process.
 
 
 9
 AFFIRMED.